ALBERTA C. LOGAN, PLAINTIFF-RESPONDENT, v. AMERI-
CAN RAILWAY EXPRESS COMPANY, DEFENDANT-AP-
PELLANT.

Submitted May term, 1926—Decided November 11, 1926—Filed
January 5, 1927.

Negligence—Injury to Car in Motor Vehicle Collision—Plaintiff's
Car was Being Backed Out of a Driveway—Driver of De-
fendant's Car was Planning to Use the End of Driveway in
Turning His Car—Plaintiff Alleges That the Driver of Her
Car Had Not Yet Reached the Curb Line—Driver of De-
fendant's Car Disputes This—Court Trying Facts Without a
Jury Rendered Verdict For Plaintiff, Holding No Contribu-
tory Negligence—Evidence Sufficient to Have Sent Case to
Jury Had There Been One.

On appeal from the District Court of the First Judicial
District of the county of Monmouth.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff-respondent, *Francis L. Stone.*

For the defendant-appellant, *William B. Harley.*

PER CURIAM.

This is an appeal from a judgment rendered by the Dis-
trict Court of the First Judicial District of the county of
Monmouth. The action was instituted to recover damages
to an automobile. The plaintiff, Alberta C. Logan, owned
a car which she permitted her husband to drive. At the time
of the accident Mr. Logan was backing this car out of a
private driveway located on the southerly side of Sewell ave-
nue, in the city of Asbury Park. While he was in the act
of backing the car, and while the rear of the car was still,
according to his testimony, within the curb line, a truck
of the defendant, American Railway Express Company, struck
the rear right-hand corner of Mrs. Logan's car. Mr. Logan
testified that he looked to the right as he was backing the
car out. This was to watch for vehicles traveling from the
west which would pass on the right-hand side of the street.

The defendant's truck was being driven by an employe, who testified that he had been proceeding in an easterly direction on Sewell avenue and then backed his car up to the curb or gutter line (there being no curb) in order to make a full turn to go in a westerly direction. He testified that the rear of his car was even with the line of the gutter and that he had not actually gone upon the property of the plaintiff or passed the gutter line when the collision occurred, although he intended to utilize the driveway to make his turn.

The trial judge filed conclusions in the case. He ably reviews in his opinion the testimony and sets forth the provisions of the Traffic act bearing on the subject of negligence. He considered the question of contributory negligence. The court found as a fact that the defendant was negligent in the operation of its truck and that the driver of the plaintiff's car was free from contributory negligence.

The appellant now seeks to reverse the judgment upon the ground that the plaintiff was guilty of contributory negligence. The position taken by the appellant is that a motion was made at the conclusion of the case that a verdict be directed for the defendant on the ground of the contributory negligence of the driver of the plaintiff's car, and that this motion should have been granted. The court denied the motion. We think that the court was fully justified in denying the motion. From the facts of the case the contributory negligence of the plaintiff was a question for the determination of a jury, if a jury had been called in the case. There being no jury the court acted as a trier of the facts. The court found as a fact that there was no contributory negligence of the plaintiff. There was evidence at the close of the case sufficient to warrant the presentation of this question to the jury if there had been one. Therefore, we think the trial court acted properly in refusing to grant the motion.

The court will not reverse on appeal a judgment resting upon the decision of a factual question if there be any evidence to support it. *Duff* v. *Prudential Insurance Co.*, 90 N. J. L. 646.

The judgment is affirmed, with costs.